```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION
```

**HANYUAN DONG,**           )
                            )
        Plaintiff,          )
                            )
    v.                      )     No. 07 C 3425
                            )
**VIRGINIA GARCIA,**        )
                            )
        Defendant.          )

## MEMORANDUM OPINION AND ORDER

Plaintiff Hanyuan Dong filed a personal injury complaint against Virginia Garcia. Since the complaint was filed, Garcia passed away and a personal representative has been appointed for Garcia's estate ("the defendant") for the purpose of this action. Defendant has filed a motion to dismiss for lack of jurisdiction under FED. R. CIV. P. 12(b)(1) and to dismiss or transfer for improper venue under FED. R. CIV. P. 12(b)(3). For the following reasons, the motion to dismiss is denied and the motion to transfer is granted.

I.

Plaintiff is a citizen of Illinois and Garcia was a citizen of Indiana. Plaintiff alleges he was struck by Garcia's car, which Garcia was operating in a negligent and careless manner, while he was outside his car at a gas station in northern Indiana. The complaint alleges he was "severely and seriously injured, both internally and externally, and he suffered a severe shock to his

nervous system, and bruises, contusions and lacerations to his body, and he became sick and disabled and will, in the future, suffer great pain, discomfort and physical impairment, with his injuries requiring emergency hospitalization and medical care; and he has become obligated for, and will continue to become obligated for, large sums of money for medical and hospital care and attention." (Compl. at ¶ 10.) The complaint seeks damages "in excess of . . . $75,000."

## II.

In assessing defendant's motions to dismiss under FED. R. CIV. P. 12(b)(1), I must accept all well-pleaded facts in the complaint as true. *St. Johns United Church of Christ v. City of Chicago,* 502 F.3d 616, 625 (7th Cir. 2007). I must view the allegations in the light most favorable to plaintiffs and accept all well-pleaded facts in the complaint as true. *Id.*

Defendant contends plaintiff cannot meet the amount in controversy requirement necessary for diversity jurisdiction. "The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Rising-Moore v. Red Roof Inns, Inc.*,

2

435 F.3d 813, 815 (7th Cir. 2006) (citation omitted) ("When the complaint includes a number, it controls unless recovering that amount would be legally impossible.").

The evidence submitted by defendant in support of her motion consists of medical records produced by plaintiff's counsel. Plaintiff's medical expenses appear to total $13,661 and the results of various medical exams, such as CT scans of his head, abdomen, chest, and sinus, do not reveal any fractions or post traumatic changes. In a neuropsychological evaluation, the physician noted that

> While the patient's history of a loss of consciousness and subsequent alteration in mental status suggests he sustained a mild TBI, there is no conclusive sign that he is experiencing persistent cognitive deficits associated with that injury. This is expected since in patients with such injuries, neurological dysfunction causes cognitive impairment for only a few weeks afterwards. However, he clearly meets [the] diagnostic criteria for Major Depression, which can also involve concentration problems.
> Recommendations
> The present evaluation is limited to cognitive functioning and does not consider the effects of physical impairment on daily functioning in general and on capacity to work in particular. . . . It is also recommended that he receive psychotherapy for training in management of his depressive symptoms.

Defendant argues this evidence establishes plaintiff's alleged injuries are insufficient to satisfy the amount in controversy requirement.

The evidence set forth by defendant does not establish the amount of damages in this case to a legal certainty. The

physician's note specifically points out that it does not consider "the effects of physical impairment on daily functioning in general and on capacity to work in particular." Therefore, the evidence presented does not make it a legal impossibility for damages to exceed $75,000 in light of his alleged physical impairments and disabilities, pain, suffering, or future medical treatment and losses. *See Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 428-29 (7th Cir. 1997). Accordingly, the motion to dismiss on this ground is denied.

Defendant also moves to transfer for improper venue pursuant to FED. R. CIV. P. 12(b)(3). When considering a Rule 12(b)(3) motion, I must take all allegations in the complaint as true (unless contradicted by affidavit), draw all reasonable inferences in favor of plaintiff, and may examine facts outside the complaint. *See Rotec Indus., Inc. V. Aecon Group, Inc.*, 436 F. Supp. 2d 931, 933 (N.D. Ill. 2006). Plaintiff bears the burden of establishing venue is proper. *Id*.

In diversity cases, venue is determined in accordance with the requirements of 28 U.S.C. § 1391(a), which provides venue is proper in

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . , (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

4

*Id*. Under § 1391(a)(2), "[t]he test is not whether a majority of the activities pertaining to the case were performed in a particular district, but whether a substantial portion of the activities giving rise to the claim occurred in the particular district." *Peregrine Fin. Group, Inc. v. Green,* No. 01 C 2948, 2001 WL 1548965, at *4 (N.D. Ill. Sept. 5, 2001) (quoting *TruServ Corp. v. Neff*, 6 F. Supp. 2d 790, 792 (N.D. Ill. 1998)). "To be substantial, it is enough to establish that the events that took place in Illinois were part of the historical predicate for the instant suit." *Master Tech Prods., Inc. v. Smith*, 181 F. Supp. 2d 910, 914 (N.D. Ill. 2002) (quotations omitted). Plaintiff argues that venue is proper because a "substantial part of the events or omissions giving rise to the claim" occurred in this district. Specifically, the complaint alleges plaintiff presently suffers from his injuries in Illinois, where he seeks treatment and "will continue to become obligated for[] large sums of money for medical and hospital care and attention." (Compl. at ¶ 10.)

Plaintiff has not established venue is proper in Illinois. The tort did not occur within the district. *See Clark Prods., Inc. v. Rymal*, No. 02 C 6893, 2002 WL 31572569, at *4 (N.D. Ill. Nov. 19, 2002) (finding venue was improper when "tortious acts underlying [plaintiff's] injury in Illinois occurred in Michigan") (citing *Digital Merchant Systems, Inc. v. Olesgy*, No. 98 C 8003, 1999 WL 1101769, at *5 (N.D. Ill. 1999). The fact that he alleges

to have suffered from his injuries after returning to Illinois does not constitute "a substantial part of the events or omissions giving rise to the claim." Accordingly, the motion to transfer to the Northern District of Indiana is granted.[1]

III.

For the foregoing reasons, defendant's motion to dismiss is denied and the motion to transfer to the Northern District of Indiana is granted.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: April 23, 2008

---

[1] Although plaintiff complains that defendant's motion is unclear as to the authority under which it moves to transfer, I find plaintiff was properly on notice as to the relief sought by defendant and also note that a district court may *sua sponte* transfer a case. *See Jennings v. AC Hydraulic A/S,* 383 F.3d 546, 551 (7th Cir. 2004) (citing *Phillips v. Seiter*, 173 F.3d 609, 610-11 (7th Cir. 1999)); *Ward v. Delaney*, No. 01 C 3074, 2002 WL 31133099, at *2 (N.D. Ill. Sept. 20, 2002) (citations omitted).